UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATE OF AMERICA,

               -against-

YEVETTE WARREN,

                      Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**04-CR-1080-1 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Yevette Warren's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence ("Def.'s Mot.") (Dkt. 376).) For the reasons discussed below, Defendant's motion is GRANTED.

## I.    BACKGROUND

On December 13, 2004, the Government filed an indictment charging Defendant with conspiracy to possess and distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). (Indictment (Dkt. 69).) On October 12, 2005, Defendant pleaded guilty to this charge. (Oct. 12, 2005, Min. Entry.) As part of her plea, Defendant stipulated to a base offense level of 34 under the U.S. Sentencing Guidelines (the "Guidelines"), with a four-point increase for playing an aggravated role in the offense, see U.S.S.G § 2D1.1(c)(3), a two-point increase for the use of a firearm, see id. § 2D1.1(b)(1), and a three-point reduction for acceptance of responsibility, resulting in a total offense level of 37. (See Plea Agreement (Resp. to Order to Show Cause ("Gov't.'s Resp.") (Dkt. 379), Ex. 1 (Dkt. 379-1)) at 2-3.) Based on her Criminal History category of I, Defendant's advisory Guideline sentence range was 210 to 261 months of imprisonment. (See Def.'s Mot.; Gov't.'s Resp. at 2.) On April 28, 2006, the court sentenced Defendant to a 210-month term of imprisonment and a five-

1

year term of supervised release, with special conditions, and a special assessment of $100.[1] (J. (Dkt. 182).) After taking into account the sentencing factors set forth by 18 U.S.C. § 3553(a), the court's sentence of 210 months of imprisonment represented the bottom of the relevant Guideline range. (See Gov't.'s Resp. at 2.)

## II.    LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Through Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the

---

[1] The court also issued an Order of Forfeiture with respect to approximately $114,519.18 in United States currency, representing proceeds traceable to the offense, as well as one yellow, 2003 model year Hummer. (Apr. 18, 2006, Final Order of Forfeiture (Dkt. 182-2) at 1-2.)

Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting

forth the exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III.   APPLICATION

Defendant argues that in light of Amendment 782 and leaving all adjustments in place, her total offense level should now be 35, which corresponds to a new Guideline range of 168 to 210 months of imprisonment. (Def.'s Mot.) See U.S.S.G. § 5A (Sentencing Table). The Government agrees that Defendant is eligible for resentencing and concurs in the calculation of the new Guideline range. (Gov't.'s Resp. at 3.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for her violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii), to which she pleaded guilty, was based on the lowest end of the relevant sentencing range under the Guidelines at the time. (See Gov't.'s Resp. at 2.) Therefore, Amendment 782 applies to Defendant. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2006, see id. § 1B1.10(b)(1), her total offense level would have been 35 (not 37), see id. § 2D1.1(c)(2), and the Guideline range for her sentence would have been 168 to 210 months of imprisonment (not 210 to 262 months), see id. § 5A (Sentencing Table).

Proceeding to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. Under the Guidelines, the court is authorized to reduce Defendant's sentence by up to 42 months, from 210 months to as low as 168 months—the minimum under the amended Guidelines range, see id. § 1B1.10(b)(2)(A). Upon review of the § 3553(a) factors, and in light of the Government's consent to limited resentencing, the court

finds that a reduction is in fact warranted. For the same reasons that a sentence at the bottom of the Guideline range was appropriate when Defendant was initially sentenced in 2006, a sentence of 168 months, representing the bottom of the amended Guideline range, is appropriate here.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 168 months, with an effective date of November 1, 2015. The court does not alter any other portion of the May 5, 2006, Judgment (Dkt. 182), including the five-year term of supervised release, the conditions of supervised release, the $100 special assessment, and the Final Order of Forfeiture (Dkt. 182-1).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     October 16, 2015

NICHOLAS G. GARAUFIS
United States District Judge